UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| THEODORE TOBIAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| JOHN SMITH, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant hereby removes the case *Theodore Tobias v. John A. Smith*, Case No. 2382-CV-0315 from the Superior Court for the County of Norfolk, Massachusetts (the "Superior Court"), where it is currently pending, to the United States District Court for the District of Massachusetts, Boston Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1337, 1441, and 1446, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1. On or about April 11, 2022, Plaintiff Theodore Tobias ("Plaintiff"), *pro se*, filed the above-captioned action in the Superior Court (the "State Court Action"). FedEx Ground received a copy of the complaint by mail on May 30, 2023.

2. The Complaint purports to assert claims for more than $200 billion resulting from the alleged failure of "FedEx Ground Corporation"[1] 1) to deliver a package; and 2) failure to respond to a Mass. Gen. Law § 93A demand.

---

[1] The correct name of the entity is FedEx Ground Package System, Inc. ("FedEx Ground").

3. Defendant John A. Smith ("Defendant"), the President and Chief Executive Officer of FedEx Express's U.S. and Canada Ground Operations, is the only named defendant in this case. Mr. Smith is formerly the Chief Executive Officer of FedEx Ground. A true and correct copy of the Complaint, as docketed with the superior court, is attached as **Exhibit A**.

4. This is at least the third time that Mr. Tobias has attempted to sue a FedEx executive[2] based on unsupported allegations of the non-delivery of a non-existent package.[3] Mr. Tobias appears to lacks a good faith basis to assert his claims.

5. The first known lawsuit, filed by Mr. Tobias in the Superior Court in September 2021, was removed to this court, and later dismissed by the Honorable F. Dennis Saylor IV on April 15, 2022. *Tobias v. Smith*, Case No. 1:21-cv-11736-FDS, at Dkt. 30.

6. The second known lawsuit, filed in the Superior Court by Mr. Tobias on February 22, 2022, was also removed to this Court and later dismissed by the Honorable Denis F. Saylor IV on January 12, 2023. *Tobias v. Smith*, Case No. 1:22-cv-10609-FDS, at Dkt. No. 14. In his Memorandum and Order of dismissal, Judge Saylor issued a warning to Mr. Tobias:

> Plaintiff has been a frequent litigant in this court, having filed eight cases since 2021, including an almost identical lawsuit against Frederick Smith that was dismissed in April 2022. Plaintiff's repetitive filing of legally deficient complaints are a burden on the court's time and resources. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. A court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior. Accordingly, plaintiff is hereby warned that if he continues to file groundless or vexatious lawsuits, he may be enjoined from filing further actions in this court absent permission from a District Judge, and/or he may be subject to monetary sanctions.

*Id.* at pp. 6-7 (citations omitted).

---

[2] In the earlier cases, discussed *infra*, Mr. Tobias named Frederick Smith as the defendant, then-CEO of FedEx Corporation.
[3] On the same day he filed the complaint commencing the instant action, Mr. Tobias filed a second, substantially duplicative complaint against Mr. Smith in Norfolk Superior Court, case No. 2382CV00317.

2

7. In Mr. Tobias' new lawsuit (as in his earlier, equally meritless lawsuits), a sole executive, in this case Mr. John Smith, is the only defendant listed in the handwritten case caption. FedEx Ground received a copy of the Complaint on May 30, 2023.

8. Plaintiff's new lawsuit concerns a missing package that was allegedly handled by FedEx Ground.  FedEx Ground is a corporation headquartered in Moon Township, Pennsylvania. Plaintiff, who is proceeding *pro se* in this matter, did not identify FedEx Ground as a defendant. Instead, Plaintiff listed only Mr. Smith, who is the President and Chief Executive Officer of U.S. & Canada Operations for FedEx Express.  FedEx Express is a distinct corporate entity from FedEx Ground.  FedEx Express is based in Memphis, Tennessee.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

9. Removal is timely under 28 U.S.C. § 1446(b) because Defendant filed this Notice of Removal within 30 days after receipt, through service or otherwise, of a copy of the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from service of summons and complaint).

10. Removal to this Court is proper because the United States District Court for the District of Massachusetts is the federal district in which the Superior Court is located and where the State Court Action was originally filed.  *See* 28 U.S.C. §§ 1441(a), 1446(a) & 101.  Pursuant to Local Rule 40.1, the Eastern (Boston) Division is the proper division for this case.

11. No properly joined and served defendant is a citizen of Massachusetts, *i.e.*, the State in which the State Court Action was brought.  *See* 28 U.S.C. § 1441(b).

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants that have been filed in the State Court Action are attached as **Exhibit B**.

13. As required by 28 U.S.C. § 1446(d) and District of Massachusetts Local Rule 81.1,

within 28 days of the filing of this Notice of Removal, Defendant shall file certified copies of all records and proceedings in the Superior Court, as well as a certified copy of the docket and all docket entries.

14.     The removal of this action terminates all potential proceedings in the Superior Court.[4]  *See* 28 U.S.C. § 1446(d).

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

15.     This Court has original jurisdiction over this action under 28 U.S.C. § 1337 and 49 U.S.C. § 14706 *et seq*.  Specifically, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 *et seq.*, preempts any state law claims against Defendant and provides Plaintiff's sole and exclusive remedy.

16.     The Carmack Amendment imposes liability for the "actual loss or injury to the property" transported by a motor carrier or freight forwarder and allows a plaintiff to bring a private civil action to recover such damages.  49 U.S.C. § 14706(a) and (d).  Because Congress intended the Carmack Amendment to create a uniform nationwide scheme of statutory remedies for carrier liability, the statute preempts state liability rules pertaining to cargo carriage, under either statutory or common law.  *Rini v. United Van Lines*, 104 F.3d 502, 506 (1st Cir. 1997); *Brody v. Liffey Van Lines, Inc.*, 13 Civ. 5719 (CM), 2014 U.S. Dist. LEXIS 74128, *9-10 (S.D.N.Y. May 27, 2014).

17.     Congress has expressly provided federal court jurisdiction over claims governed by the Carmack Amendment.  Specifically, 28 U.S.C. §1337(a) states as follows:

---

[4] Defendant has good and sufficient defenses to this action, and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.  Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

18.     The Complaint purports to assert claims, all of which stem from the non-delivery of package that was allegedly handled by FedEx Ground. *See* Compl. at pp. 1-5. The Carmark Amendment, therefore, preempts all of Plaintiff's claims in the Complaint.[5]

19.     Moreover, the amount in controversy requirement under the Carmark Amendment is easily met. In the Complaint, Plaintiff seeks $200 billion in damages. *See* Compl. at p. 5 ("Requested Relief: Monetary Damages and Punitive Damages $200,000,000,000.00 (two hundred billion dollars)"). The amount in controversy, therefore, exceeds $10,000. *See* 28 U.S.C. § 1337(a).

20.     The Complaint specifically pleads a cause of action under the Carmack Amendment, and state law is entirely preempted. *Clean Harbors Recycling Servs. Ctr. of Chi., LLC v. Harold Marcus Ltd.*, 2013 U.S. Dist. LEXIS 45703, at *17-18 (D. Mass. Mar. 29, 2013) ("the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property,"); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (holding that the complete preemption doctrine applies to the Carmack Amendment and permitting removal to federal court); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2013) (same).

21.     In addition, this Court has jurisdiction over any remaining counts in the Complaint by way of supplemental jurisdiction under 28 U.S.C. § 1367, which provides, in relevant part, "in

---

[5] Plaintiff erroneously identified Mr. Smith as a defendant. Plaintiff's allegations in the Complaint (albeit, untrue and fabricated) concern shipping services allegedly provided by FedEx Ground.

any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

22.     The First Circuit has explained, "[s]tate and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they 'derive from a common nucleus of operative fact' or 'are such that [they] . . . would ordinarily be expected to [be] tr[ied] . . . in one judicial proceeding.'" *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const.*, LLC, 730 F.3d 67, 72 (1st Cir. 2013) (quoting *Penobscot Indian Nation v. Key Bank of Me.*, 112 F.3d 538, 564 (1st Cir.1997)).  Thus, even if Plaintiff's Complaint could be construed as asserting claims against Mr. Smith individually, any such claims would fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

23.     Accordingly, this Court has jurisdiction over this case under 28 U.S.C. § 1337.

24.     In the alternative, this Court has original jurisdiction over this matter under 28 U.S.C. §1332 because, as detailed below, this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

25.     Plaintiff is an individual domiciled in the Commonwealth of Massachusetts. Therefore, Plaintiff is a citizen of Massachusetts for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).

26.     FedEx Ground is a Delaware corporation with its principal place of business in Pennsylvania.[6]  Therefore, FedEx Ground is a citizen of both Delaware and Pennsylvania for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).[7]

---

[6] *See https://www.fedex.com/en-us/about/company-structure.html*.
[7]  To the extent that the Complaint could be construed to assert a claim against FedEx Express, the entity is a Delaware corporation with its principal place of business in Tennessee.[7] Therefore, FedEx Corporation is

27. To the extent that the Complaint could be construed to assert claims against Mr. Smith individually, Mr. Smith is an individual domiciled in the State of Tennessee. Therefore, Mr. Smith is a citizen of Tennessee for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

28. Thus, because Plaintiff is a citizen of Massachusetts and FedEx Ground and Mr. Smith are citizens of Delaware, Pennsylvania, and Tennessee, complete diversity exists in this case.

29. Further, the amount in controversy unquestionably exceeds $75,000.00. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). Plaintiff alleges at least $200 billion in damages. *See* Compl. p. 5 "Requested Relief."

30. Therefore, in the alternative, this Court has jurisdiction under 28 U.S.C. §1332.

31. Defendant reserves all rights, claims, and defenses relative to this action filed by Plaintiff and expressly does not waive any defense in filing this Notice of Removal, including any defenses to the Complaint that could be raised by motion under Federal Rule of Civil Procedure 12(b). *See* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (3d ed. 2004) (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'")).

---

a citizen of both Delaware and Tennessee for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

## **CONCLUSION**

WHEREFORE, notice is hereby given that this action is removed from the Superior Court for the County of Norfolk, Massachusetts to the United States District Court for the District of Massachusetts, Boston Division.

Respectfully submitted,

**JOHN SMITH**,

*By his attorneys*,

/s/ *Daniel D. Johnson*
Ryan M. Gainor (*pro hac* application forthcoming)
Daniel D. Johnson (BBO # 705486)
HINCKLEY ALLEN & SNYDER LLP
28 State Street, 29th Floor
Boston, MA 02109
(617) 345-9000
(617) 345-9020
rgainor@hinckleyallen.com
djohnson@hinckleyallen.com

Dated: June 9, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June, 2023, I served this document first-class mail, postage pre-paid, on the following:

>Theodore Tobias
>826 Willard Street Apt. 212
>Quincy, MA 02169

>*/s/ Daniel D. Johnson*
>Daniel D. Johnson