UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODORE TOBIAS,  )<br>  )<br>        Plaintiff,  )<br>  )<br>        v.  )<br>  )<br>JOHN SMITH,  )<br>  )<br>        Defendant.  )<br>  ) | Civil Action No.<br>23-cv-11306-XXX |

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS

**PER CURIAM**

For the third time, *pro se* plaintiff Theodore Tobias has sued a FedEx executive alleging loss or theft of a package. Plaintiff seeks $200 billion in damages and appears to assert claims for breach of contract, negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A. This is at least the ninth complaint filed by plaintiff in this court, many of which assert substantially similar claims.

Defendant John A. Smith has moved to dismiss the complaint on four grounds: (1) frivolity; (2) failure to state a claim under Fed. R. Civ. P. 12(b)(6); (3) lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (4) preemption by the Carmack Amendment, 49 U.S.C. § 14706 *et seq*. For the following reasons, the motion to dismiss will be granted.

**I.    Background**

    **A.    Factual Background**

The following facts are set forth as alleged in the complaint.

Theodore Tobias is a resident of Quincy, Massachusetts. (Compl. at 1). John A. Smith is the President and Chief Executive Officer of the U.S. and Canada Ground Operations for FedEx Express.[1]

On February 22, 2018, the complaint contends that Allen Bailey shipped him a package containing original writings and a "McDonalds Prototype," allegedly valued at more than several hundred billion dollars each. (Compl., Ex. 5). The package was apparently never delivered. (*Id.*).[2] Tobias subsequently filed a claim with FedEx on February 26, 2018, claiming $200 billion for the loss of his writings and prototype. (*Id.*). The internal reference number provided was 0309815287. (*Id.*).

On March 9, 2018, the Windsor, Connecticut Police Department dispatched two officers to Tobias's residence on the report of a larceny. (Compl., Ex. 9). Tobias informed the officers that he believed a FedEx employee stole a package from him; he allegedly witnessed the employee returning to his vehicle after leaving a door tag on his front door, stating that a signature was required. (*Id.*). Tobias unsuccessfully tried to gain the attention of the driver, who got into his truck and left the area. (*Id.*). That report regarded the same package Tobias reported as missing in his earlier claim to FedEx, with the same internal reference number. (*Compare id. with* Compl., Ex. 5). The officers asked Tobias if he were able to log on to FedEx's website to track his package using the provided tracking number, 723845829329. (Compl., Ex. 9). When

---

[1] The complaint incorrectly states that Mr. Smith is the President and Chief Executive Officer of FedEx Ground. (Compl. at 1; *but see* Def.'s Mot. at 2).

[2] It is unclear from the complaint whether plaintiff has separate addresses in Quincy, Massachusetts, and Windsor, Connecticut. (Compl. ¶ 1, *id.*, Ex. 5). The sender's address for plaintiff on his FedEx claim form for the three packages is listed as 79 Berrios Hill Road in Windsor, Connecticut. (Compl., Ex. 5).

plaintiff logged on, the tracking number revealed that the package was not yet delivered in still in transit from Lyndhurst, New Jersey. (*Id.*).

The complaint alleges that on March 13, 2018, plaintiff mailed a claim to the FedEx Cargo Claims Department. (Compl. ¶ 13; *id.*, Ex. 5). The package was insured, and he had an account. (*Id.* ¶ 7). It further alleges that he has a delivery receipt for the alleged missing package. (*Id.* ¶ 9). It alleges that because he did not sign this receipt, "defendants are liable." (*Id.* ¶ 10).

Plaintiff followed up with FedEx regarding his missing package on at least four occasions in April, November, and December of 2019. (*Id.*, Ex. 5).

On April 22, 2022, four years after the initial incident, plaintiff allegedly sent a Mass. Gen. Laws § 93A demand letter claiming $200 billion in damages for his missing package to defendant Smith. (*Id.* ¶ 1). The complaint alleges defendant did not respond. (*Id.*).

B.   **Procedural Background**

This case was originally filed in the Superior Court for the County of Norfolk, Massachusetts. On June 9, 2023, Smith removed the matter to this Court.

The complaint appears to allege several claims, including breach of contract (arising from the purported breach of FedEx's money-back guarantee), negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A. (*See* Compl. at 5; *id.*, Ex. 1). Plaintiff seeks $200 billion in compensation for his missing package. (Compl. at 5).

Smith has moved to dismiss the complaint on four grounds: (1) frivolity; (2) failure to state a claim; (3) lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (4) preemption by the Carmack Amendment, 49 U.S.C. § 14706 *et seq*.

## II.     Motion to Dismiss

The present complaint is implausible on its face, and may be dismissed on that basis. Moreover, it is the latest in a long line of legally deficient complaints filed by plaintiff. Plaintiff has been a frequent litigant in this court, having filed at least nine cases since 2021; these cases include two nearly identical lawsuits against Frederick Smith, another FedEx executive, both of which were dismissed by this Court.[3]

Plaintiff's repetitive filing of legally deficient complaints are a burden on the court's time and resources. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation through injunctions "narrowly drawn to fit the specific vice encountered." *Elbery v. Louison*, 201 F.3d 427 (1st Cir. 1999) (per curiam).[4] A court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-50 (1991). Plaintiff has behaved not only in a vexatious manner, but also in a harassing and verbally abusive manner towards Clerk's Office staff members. (ECF No. 11).

This Court warned plaintiff in his previous action against a FedEx executive that "if he

---

[3] For example, one lawsuit against Frederick Smith sought $200 billion in damages arising from another allegedly lost or stolen FedEx package. *Tobias v. Smith*, 2022 WL 1129376 (D. Mass. Apr. 15, 2022). A second lawsuit against Frederick Smith was dismissed on January 12, 2023. *Tobias v. Smith*, 2023 WL 168659 (D. Mass. Jan. 12, 2023). Other actions filed by plaintiff include the following: *Tobias v. Mapfre Ins. Co.*, C.A. No. 22-10140-LTS (closed); *Tobias v. FedEx Corp.*, C.A. No. 22-10144-RGS (closed); *Tobias v. United States Postal Serv.*, C.A. No. 22-10145-ADB (closed); *Tobias v. United States Postal Office et al.*, C.A. No. 22-10541-DJC (closed); *Tobias v. Government Intel. Surveillance*, C.A. No. 22-10894-WGY (closed); and *Tobias v. United States Corp.*, C.A. No. 22-cv-12064-WGY (closed).

[4] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." *Local 285, Serv. Emps. Int'l Union, AFL-CIO v. Nonotuck Res. Assocs., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995) (citation omitted); accord *Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent. *Local 285, Serv. Emps. Int'l*, 64 F.3d at 737.

continues to file groundless or vexatious lawsuits, he may be enjoined from filing further actions in this court absent permission from a District Judge, and/or he may be subject to monetary sanctions." *Tobias v. Smith*, 2023 WL 168659, at *4 (D. Mass. Jan. 12, 2023). Plaintiff did not heed that warning, and instead filed the present lawsuit.

Accordingly, this matter will be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, plaintiff will be enjoined from filing further actions in this court absent express written approval from a United States District Judge of this court.[5]

### III. Conclusion

For the foregoing reasons, defendant's motion to dismiss the complaint without leave to amend is GRANTED.

Plaintiff is ENJOINED from filing further actions in this court absent express written approval from a United States District Judge of this court. In seeking leave to file, plaintiff must certify that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court. He is also required (1) to certify that the claim or claims are not frivolous or brought in bad faith; (2) to caption the motion "Application Pursuant to Court Order Seeking Leave to File"; and (3) either cite or affix a copy of this order to the motion.

---

[5] Under Rule 11, the court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. *See* Fed. R. Civ. P. 11(b)(1)-(2); *Eagle Eye Fishing Corp. v. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); *Pronav Charter II, Inc. v. Nolan*, 206 F. Supp. 2d 46, 54 (D. Mass. 2002) (Rule 11 applies to pro se litigants). Rule 11 exists, in part, to protect defendants and the court from wasteful, frivolous, and harassing lawsuits, and provides for sanctions as a deterrent. *See Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992). If parties and underlying events in lawsuit are connected, the appropriate course of action was for plaintiff to have asked the relevant district court for leave to amend the already pending cases. *Elbery*, 201 F.3d at *3. That would have required prior court permission in many cases. *Id.*; Fed. R. Civ. P. 15(a)(2).

Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file, and may result in other sanctions.

**So Ordered.**

|  |  |
|---|---|
|  | United States District Court |
|  | for the District of Massachusetts |
| Dated:  October 19, 2023 | *Per Curiam* |